**Alex Boon,** OSB 195761
alex@nwjp.org
**Corinna Spencer-Scheurich,** OSB 130147
corinna@nwjp.org
Northwest Workers' Justice Project
310 SW 4th Ave, Suite 320
Portland, Oregon 97204
Telephone: (503) 525-8454
Facsimile: (503) 946-3029

**D. Michael Dale**, OSB 771507
michaeldale@dmichaeldale.net
Law Office of D. Michael Dale
P.O. Box 1032
Cornelius, OR 97113
Telephone: (503) 357-8290
Facsimile: (503) 946-3089

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **SERGIO MENA, ADRIANA RAMIREZ, FRANCISCO SOLORZANO, ABRAHAM LOPEZ, JUAN ANTONIO SANCHEZ,** and **ARMANDO CALIXTO,** individuals,<br><br>Plaintiffs,<br><br>v.<br><br>**PORTLAND DRYWALL SYSTEMS ENTERPRISE, INC**, an Oregon Domestic Business Corporation, **THE SPANOS CORPORATION**, a Foreign Business Corporation **d/b/a A.G. SPANOS COMPANIES,** and **SOUTH COOPER MOUNTAIN APARTMENTS, LLC**, a Foreign Limited Liability Company d/b/a | Case No.: 3:22-cv-01317<br><br>COMPLAINT<br><br>Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq*.), Oregon Wage and Hour Laws<br><br>DEMAND FOR JURY TRIAL |

**ARAZO** and **A.G. SPANOS COMPANIES.**

                Defendants.

## I. INTRODUCTION

1.      Sergio Mena, Adriana Ramirez, Francisco Solorzano, Abraham Lopez, Juan Antonio Sanchez, and Armando Calixto ("Plaintiffs") bring this action against Portland Drywall Systems Enterprise Inc., an Oregon domestic business corporation, The Spanos Corporation, a foreign business corporation d/b/a A.G. Spanos Companies, and South Cooper Mountain Apartments, LLC, a foreign business corporation d/b/a Arazo and A.G. Spanos Companies. Plaintiffs seek to recover unpaid wages under the Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq.*, "FLSA"), overtime and minimum wages due to them under 29 U.S.C. §§ 206, 207, as well as liquidated damages and attorney fees under 29 U.S.C. § 216(b).

2.      Plaintiffs also seek unpaid wages, penalty damages, and attorney fees for violations of Oregon wage and hour law under O.R.S. §§ 652.140, 652.150, 652.200, 653.025, 653.055, and 653.261.

3.      Plaintiffs also seek their unpaid agreed upon wages for all wages from Defendants.

## II. JURISDICTION

4.      Jurisdiction is conferred on this court by 29 U.S.C. § 216(b), as this action arises under the FLSA, 29 U.S.C. §§ 201, *et seq.*; 28 U.S.C. § 1331, as this action arises under the laws of the United States, and 28 U.S.C. § 1337, as it arises under acts of Congress regulating commerce.

COMPLAINT – 2

5.      Pursuant to 28 U.S.C. § 1367, this court has supplemental jurisdiction of the claims based on Oregon law, as they are so related to claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

### III. PARTIES

6.      Sergio Mena, Adriana Ramirez, Francisco Solorzano, Abraham Lopez, Juan Antonio Sanchez, and Armando Calixto are natural persons who were employed by Defendants to do construction work in Beaverton, Oregon in Washington County.

7.      At all times relevant to this action, Portland Drywall Enterprises, Inc. (PDE) was an Oregon domestic business corporation operating a commercial drywall business.  Its principal place of business is Beaverton, Oregon in Washington County.

8.      Abelardo Chavez is the Secretary and VP of Operations of Portland Drywall Enterprises, Inc.

9.      The Spanos Corporation is a Foreign Business Corporation registered with the Oregon Secretary of State. According to Oregon Secretary of State records, it is in the real estate business, its principal place of business is in Stockton, California, and it has a registered agent for service of process in Portland, Oregon, Multnomah County.

10.     South Cooper Mountain Apartments, LLC, is a Foreign Limited Liability Company. According to Oregon Secretary of State records its principal place of business is the same as that of The Spanos Corporation, and The Spanos Corporation is its manager. It has a registered agent for service of process in Portland, OR, Multnomah County. It is also the registrant/owner of the assumed business name Arazo.

11.     "A.G. Spanos Companies" is described as the applicant in land use applications

COMPLAINT – 3

submitted to the Beaverton, Oregon Planning Commission in 2018 for "South Cooper Mountain

Heights Multi-Family – Spanos," a residential development. "A.G. Spanos Companies" does not

appear on the websites of the Oregon or California Secretaries of State.

12.    At all relevant times The Spanos Corporation and South Cooper Mountain

Apartments, LLC, were doing business in Oregon as A.G. Spanos Companies. (Hereinafter, The

Spanos Corporation and South Cooper Mountain Apartments, LLC are referred to as "AGS.").

## IV. FACTS

13.    At all relevant times herein, certain improvements (hereinafter Arazo Apartments)

were under construction at a site called South Cooper Mountain Heights, 12635 SW 172nd

Terrace, Beaverton, Washington County.

14.    Defendants employed Plaintiffs except Francisco Solorzano to perform drywall

installation at Arazo Apartments from on or about October 15, 2020, to on or about April 19,

2021.

15.    Defendants employed Francisco Solorzano to perform framing and also drywall

work at Arazo during the same period of time.

16.    AGS was the general contractor at the South Cooper site, it contracted with PDE

to do drywall installation.

17.    At all relevant times, Defendants were in the business of residential construction.

18.    Drywall installation and framing were an integral part of Defendants' business.

19.    Plaintiffs' employment arrangement did not allow them to make a profit or loss

based on their managerial skills.

20.    During the course of Plaintiffs' employment at Arazo, Defendants exercised

control over Plaintiffs' work.

21.     During the course of Plaintiffs employment at Arazo, they were supervised and instructed by AGS and PDE.

22.     During the course of Plaintiffs' employment at Arazo, Plaintiffs were assigned tasks by AGS and PDE.

23.     During the course of Plaintiffs' employment at Arazo, AGS had knowledge that multiple workers who worked directly for PDE at Arazo had not been paid properly.

24.     During the course of Plaintiffs' employment at Arazo, AGS had knowledge that multiple workers who worked directly for PDE at Arazo quit because they had not been paid properly.

25.     Defendants jointly employed Plaintiffs for purposes of state and federal minimum wage and overtime laws.

26.     In one or more work weeks, Defendants failed to pay Plaintiffs any wages whatsoever for work that Plaintiffs performed for them at South Cooper Mountain.

27.     PDE promised to pay Plaintiffs, with the exception of Francisco Solorzano, a piece rate of $0.30 per square foot for normal work, and an hourly rate of $30.00 per hour for more difficult work.

28.     PDE promised to pay Plaintiffs, with the exception of Francisco Solorzano, at an hourly rate of not less than $27.00 per hour.

29.     PDE promised to pay Francisco Solorzano at an hourly rate of not less than $30.00 per hour.

30.     Plaintiffs typically worked overtime while working for Defendants at South Cooper Mountain.

31.     Plaintiffs typically began work at around 7:00 AM and finished at 5:00 PM, had

an hour for lunch, and worked from Monday through Saturday.

32.    On or around February 6, 2021, Plaintiffs received their last payment from PDE for work performed at South Cooper Mountain.

33.    Between the time that Plaintiffs received their last payment and the time that Plaintiffs quit, on multiple occasions Abelardo Sanchez promised that he would eventually pay Plaintiffs.

34.    On or around April 19, 2021, Plaintiff Mena called Mr. Sanchez regarding his unpaid wages and those of his co-workers. Mr. Sanchez asserted that if Plaintiffs stopped working for him he would have to hire a new crew, and that he would not pay Plaintiffs their unpaid wages if they quit.

35.    Plaintiffs worked for PDE at South Cooper Mountain until on or around April 19, 2021, when they quit because PDE failed to pay them.

36.    In or around the following week, Plaintiffs Mena and Ramirez visited an AGS office at the job site.

37.    Plaintiffs Mena and Ramirez raised the issue of Plaintiffs' wages to AGS employees at that office.

38.    AGS informed Plaintiffs Mena and Ramirez that it would not pay them their unpaid wages.

39.    Approximately a week after that, Plaintiffs Mena and Ramirez visited an office of AGS in Beaverton, OR.

40.    Plaintiffs Mena and Ramirez raised the issue of Plaintiffs' wages to AGS employees at that office.

41.    AGS informed them that it would not help them and refused to pay them their

COMPLAINT – 6

wages.

42.    AGS knew that Plaintiffs had quit because PDE had failed to pay them.

43.    At that time, AGS also had knowledge that another group of two or more workers had quit working at Arazo in December 2020, because PDE failed to pay them too.

44.    After Plaintiffs quit, PDE hired another crew of workers who then completed the job at Arazo.

45.    During each workweek of Plaintiffs' employment at Arazo, Plaintiffs were each employed in interstate commerce or in the production of goods for interstate commerce, or were employed by an enterprise engaged in interstate commerce.

46.    Defendants regularly failed to compensate Plaintiffs at a rate of time and one half for every hour worked over 40 within a week period.

47.    Among other weeks, each Plaintiff worked approximately 54 hours during the week of February 28, 2021 to March 6, 2021.  They were not paid for any of their work for that week.

48.    Among other weeks, Defendants' failure to pay Plaintiffs for the work week of February 28, 2021 to March 6, 2021 resulted in Plaintiffs not being paid the minimum wage for that pay period.

49.    Among other weeks, Defendants' failure to pay Plaintiffs for the work week of February 28, 2021 to March 6, 2021 resulted in Plaintiffs not being paid overtime for that pay period.

50.    PDE knew of or recklessly disregarded its obligation to pay minimum and overtime wages under federal and state law.

51.    Plaintiffs' employment with Defendants terminated on or around April 19, 2021.

52.     Defendants did not pay Plaintiffs their wages upon termination or within the time required by ORS 652.140.

53.     Defendants' nonpayment of wages upon termination was willful.

54.     Plaintiffs, through their attorney, sent letters to PDE on February 9, 2022 and February 16, 2022, complaining of violations of state and federal wage and hour law and requesting payment of the wages Plaintiffs are due. The letters were sent via certified mail, no return receipt requested. Both letters were returned to sender.

55.     Plaintiffs, through their attorney, sent letters to the Spanos Corporation and South Cooper Apartments, LLC which they received more than 12 days ago, requesting payment of the wages Plaintiffs are due.

56.     To date, Defendants have failed to pay Plaintiffs their wages.

## V. CLAIMS FOR RELIEF

### First Claim – Violation of FLSA

57.     Defendants violated 29 U.S.C. § 206 when they failed to pay Plaintiffs the minimum wage rate for all the hours worked.

58.     Defendants violated 29 U.S.C. § 207 when they failed to pay Plaintiffs overtime wages for work performed for Defendants in excess of forty hours per work week.

59.     Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recover unpaid minimum wages and overtime wages, equal amounts as liquidated damages, and attorney fees and costs.

### Second Claim – Violation of Oregon Minimum Wage and Overtime Law

60.      Defendants failed to pay Plaintiffs at the Oregon minimum hourly rate for hours worked in violation of O.R.S. § 653.025(2)(b).

61.     Defendants violated O.R.S. § 653.261 and its implementing regulations when they

failed to pay Plaintiffs overtime wages at a rate of time and one half their hourly wage rate for all hours worked for Defendants in excess of forty hours per work week.

62.    Plaintiffs are entitled under O.R.S. § 653.055 to recover the unpaid wages, penalty damages in an amount equal to 240 times their hourly rate, and reasonable attorney fees and costs for non-payment of minimum and overtime wages.

### Third Claim – Violation of Oregon Timely Payment of Wages Law

63.    Defendants failed to pay Plaintiffs all of their wages when due upon termination of their employment within the time specified in O.R.S. § 652.140.

64.    Defendants' failure to pay Plaintiffs all of their wages upon termination of employment was willful.

65.    Plaintiffs are entitled under O.R.S. § 652.150 to recover penalty damages in an amount equal to 240 times their hourly rate, plus reasonable attorneys' fees and costs for Defendants' failure to pay Plaintiffs' wages upon termination.

### Fourth Claim – Breach of Contract

66.    PDE promised to Plaintiffs not less than $27.00 per hour for work performed at Arazo, except Francisco Solorzano, whom PDE promised it would $30.00 per hour for that work.

67.    Plaintiffs agreed to that rate and performed labor for PDE under their agreements.

68.    Plaintiffs were not paid their agreed upon wages for work they performed at Arazo for PDE.

69.    Plaintiffs are owed the following in unpaid wages earned under their agreements with PDE: Sergio Mena, $17,772.00; Adriana Ramirez, $17,772.00; Francisco Solorzano, $21,145.00; Abraham Lopez, $17,772.00; Juan Antonio Sanchez, $17,947.00; and Armando Calixto, $17,947.00.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court grant the following relief:

1.    Award Plaintiffs their unpaid minimum wages pursuant to 29 U.S.C § 206, as follows:

    a.  Sergio Mena, $2,946.75;

    b.  Adriana Ramirez, $2946.75;

    c.  Francisco Solorzano, $2,946.75;

    d.  Abraham Lopez, $2,946.75;

    e.  Juan Antonio Sanchez, $2,946.75; and

    f.  Armando Calixto, $2,946.75.

    g.  Award Plaintiffs an equal and additional amount in liquidated damages for failure to pay minimum wage, pursuant to 29 U.S.C. § 216(b).

2.    Award Plaintiffs their unpaid overtime wages pursuant to 29 U.S.C. § 207, as follows:

    a.  Sergio Mena, $4,914.00;

    b.  Adriana Ramirez, $4,914.00;

    c.  Francisco Solorzano, $5,460.00;

    d.  Abraham Lopez, $4,914.00;

    e.  Juan Antonio Sanchez, $4,914.00; and

    f.  Armando Calixto, $4,914.00.

    g.  Award Plaintiffs an equal and additional amount in liquidated damages for failure pay overtime, pursuant to 29 U.S.C. § 216(b).

3.    Award Plaintiffs their unpaid minimum wages pursuant to O.R.S. §§ 653.025 and

COMPLAINT – 10

653.055;

4.      Award Plaintiffs their unpaid overtime wages pursuant to O.R.S. § 653.261, OAR 839-020-0030 and O.R.S. § 653.055.

5.      Award Plaintiffs penalty wages in the amount of 240 times Plaintiffs' hourly wage pursuant to O.R.S. § 653.055 for failure to pay state minimum and overtime wages, as follows:

        a.  Sergio Mena, $6,480.00;

        b.  Adriana Ramirez, $6,480.00;

        c.  Francisco Solorzano, $7,200.00;

        d.  Abraham Lopez, $6,480.00;

        e.  Juan Antonio Sanchez, $6,480.00; and

        f.  Armando Calixto, $6,480.00.

6.      Award Plaintiffs civil penalties in the amount of 240 times Plaintiffs' hourly wage pursuant to O.R.S. § 652.150 for failure to pay Plaintiffs' wages promptly upon termination, as follows:

        a.  Sergio Mena, $6,480.00;

        b.  Adriana Ramirez, $6,480.00;

        c.  Francisco Solorzano, $7,200.00;

        d.  Abraham Lopez, $6,480.00;

        e.  Juan Antonio Sanchez, $6,480.00; and

        f.  Armando Calixto, $6,480.00.

7.      Award Plaintiffs their unpaid wages as follows:

        a.  Sergio Mena, $17,772.00;

COMPLAINT – 11

    b.   Adriana Ramirez, $17,772.00;

    c.   Francisco Solorzano, $21,145.00;

    d.   Abraham Lopez, $17,772.00;

    e.   Juan Antonio Sanchez, $17,947.00; and

    f.   Armando Calixto, $17,947.00.

8.       Find that Plaintiffs are the prevailing party and award Plaintiffs reasonable attorney fees and costs under 29 U.S.C. § 216(b), and ORS §§ 653.055, 652.200.

9.       Award Plaintiffs pre-judgment interest on sums due under the state law claims and post-judgment interest on all claims; and

10.      Award Plaintiffs such other relief as this Court deems just and proper.

Respectfully submitted this 1st day of September, 2022.

/s Alex Boon
_____

Alex Boon, OSB #195761
alex@nwjp.org
Northwest Workers' Justice Project
310 SW 4th Ave, Suite 320
Portland, Oregon 97204
Telephone: (503) 525-8454
Facsimile: (503) 946-3029
 Attorney for Plaintiffs