IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| SERGIO MENA; ADRIANA RAMIREZ; FRANCISCO SOLORZANO; ABRAHAM LOPEZ; and ARMANDO CALIXTO, | Case No.: 3:22-cv-01317-JR |
| Plaintiffs, | |
| v. | OPINION & ORDER |
| PORTLAND DRYWALL SYSTEMS ENTERPRISE, INC.; SPANOS CORPORATION d/b/a A.G. SPANOS COMPANIES; SOUTH COOPER APARTMENTS, LLC d/b/a A.G. SPANOS COMPANIES and ARAZO; and ABELARDO CHAVEZ, | |
| Defendants. | |

**Adrienne Nelson, District Judge:**

United States Magistrate Judge Jolie Russo issued a findings and recommendation ("F&R") in this case, ECF 108, on May 5, 2025, recommending that this Court deny plaintiffs' motion for leave to file a second amended complaint, ECF 84. Plaintiffs timely filed objections, to which defendants timely responded. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) and Federal Rule of Civil Procedure 72(b). For the reasons stated below, the Court ADOPTS the F&R in full. Plaintiffs' motion for leave to file a second amended complaint is DENIED.

**LEGAL STANDARDS**

**A.    Review of an F&R**

A district court judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a magistrate judge issues findings and recommendations related to a dispositive motion and a party files objections, "the court

1

shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objections are made." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). To determine whether a matter is dispositive, the Ninth Circuit employs a "'functional approach that looks to the effect of the motion, in order to determine whether it is properly characterized as dispositive or non-dispositive.'" *CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 807 (9th Cir. 2022) (quoting *Flam v. Flam*, 788 F.3d 1043, 1046 (9th Cir. 2015)). Regardless of a motion's name, a magistrate judge's decision is dispositive if it "effectively denies 'the ultimate relief sought' by a party or disposes of 'any claims or defenses.'" *Id.* (quoting *SEC v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013)). Where, as here, a plaintiff seeks to add one or more claims, a decision to deny leave to amend disposes of the proposed claims and is therefore dispositive. *See Bastidas v. Chappell*, 791 F.3d 1155, 1164 (9th Cir. 2015) (concluding that because the plaintiff's motion "was dispositive of the new claim he sought to add," the magistrate judge's denial of the motion was subject to de novo review).

## B.    Motion for Leave to Amend

"A party may amend its pleading once as a matter of course" within certain time parameters. Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* Courts in the Ninth Circuit apply Rule 15 with "'extreme liberality.'" *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan*, Inc., 244 F.3d 708, 712 (9th Cir. 2001). However, once a court has issued a scheduling order, the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). As a result, when a motion to amend is filed after the deadline to amend the pleadings, the court must consider the requirements of Rule 16 before analyzing the motion under Rule 15. *See Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1277 (9th Cir. 2023). "Under Rule 16(b), a plaintiff 'must show good cause' for failing to amend the complaint 'before the time specified in the scheduling order expired.'" *Id.* (quoting *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000)). "The good cause standard primarily considers the

diligence of the party seeking the amendment . . ., and if that party was not diligent, the inquiry should end." *Id.* (cleaned up).[1]

## DISCUSSION

Plaintiffs brought this action in September 2022, alleging breach of contract and violations of state and federal wage and hour laws by defendants Portland Drywall Systems Enterprise, Inc. and Abelardo Chavez[2] (together, "Portland Drywall"[3]); Spanos Corporation d/b/a A.G. Spanos Companies ("The Spanos Corporation"); and South Cooper Apartments, LLC d/b/a A.G. Spanos Companies and Arazo ("South Cooper Apartments, LLC").[4] *See* 1st Am. Compl., ECF 5, ¶¶ 65-77. Plaintiffs amended once as a matter of course and then, more than two years later and after conducting substantial discovery, plaintiffs filed a motion to amend the complaint to add a claim under the Oregon Contractor Registration Act ("OCRA"), Oregon Revised Statutes ("ORS") 658.405 *et seq.* *See* Pls. Mot. to Amend, ECF 84. The F&R recommends denying plaintiffs' motion for lack of good cause for failing to seek leave prior to the deadline set by the initial scheduling order. *See* F&R, ECF 108, at 6-9. Plaintiffs object, arguing that Judge Russo erred by

---

[1] Relying on fact-specific language in *Johnson v. Mammoth Recreations*, 975 F.2d 604 (9th Cir. 1992), plaintiffs contend that the good cause standard applies only to amendments that seek to join additional defendants. Pl. Objs., ECF 113, at 4. To the extent that this is an objection to the legal standard applied in the F&R, it is overruled. The Ninth Circuit has repeatedly held that a motion to amend the complaint to add additional claims or theories must establish good cause if it is filed after a court-imposed deadline for such motions. *See, e.g., Kamal*, 88 F.4th at 1277-79 (affirming denial of motion to amend complaint to add a defendant and a new claim); *Coleman*, 232 F.3d at 1294-95 (affirming denial of motion to amend complaint to add a new legal theory under Title VII); *In re W. States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d at 737 (affirming denial of motion to amend complaint to add an additional claim). The divided panel in *Bacon v. Woodward* offers minimal reasoning for its alternative holding on the plaintiffs' motion to amend. *See* 104 F.4th 744, 753-54 (9th Cir. 2024). Regardless, a Ninth Circuit "panel may not overrule a prior decision of the court." *Dorman v. Charles Schwab Corp.*, 934 F.3d 1107, 1111 (9th Cir. 2019). *Mammoth Recreations* and *Kamal*, and the numerous cases between, continue to be good law—a party must show good cause if it seeks to amend the pleadings after the deadline for doing so.

[2] Default was entered as to Chavez on May 20, 2024. *See* Order of May 20, 2024, ECF 45; Clerk's Entry of Default, ECF 46.

[3] Default was entered as to Portland Drywall (i.e., as to both defendants Portland Drywall Systems Enterprise, Inc. and Abelardo Chavez) on May 20, 2024.

[4] Plaintiffs named another defendant, South Cooper Mountain Apartments, LLC, in the initial complaint, *see* Compl., ECF 1, but then dropped that entity as a named defendant in the operative first amended complaint, *see* 1st Am. Compl.

concluding that (1) they unduly delayed in filing the motion, and (2) defendants would be unfairly prejudiced by the proposed amendments. Pls. Objs., ECF 113, at 8-16.

A.    Good Cause for Delay Under Rule 16(b)(4)

Plaintiffs do not dispute that their motion to amend was filed more than two years after the deadline to amend the pleadings. Whether there was good cause for such a delay depends on when plaintiffs became aware of the facts underlying plaintiffs' proposed claim. *See Kamal*, 88 F.4th at 1278 (analyzing when "the facts underlying th[e new] theory [became] known to Plaintiffs"). Plaintiffs contend that the relevant facts are those that go to the threshold issue of whether defendant Portland Drywall Systems Enterprise Inc. ("Portland Drywall") was a "construction labor contractor" under OCRA, i.e., that "1) The Spanos Corporation did not own the land where Plaintiffs worked, and 2) Portland Drywall was not a party to a construction contract with the landowner." Pls. Objs. 2, 12; Pls. Mot. to Amend 9.

The F&R identifies two events that substantially preceded plaintiffs' motion and concludes that those events provided the necessary factual basis for plaintiffs to assert their OCRA claims more than a year earlier: (1) pre-litigation demand letters sent in 2022 which assert that Portland Drywall is a construction labor contractor under ORS 658.453, and (2) deposition testimony by defendant's regional manager in May 2024. *See* F&R 7-8. Plaintiffs object to these findings, arguing that neither event identified by the F&R is evidence of delay and that plaintiffs were not aware of the factual basis for an OCRA claim until the January 16, 2025 deposition of defendants' corporate designee. *See* Pls. Objs. 8-12.

First, the record indicates that in February and March of 2022, counsel for plaintiffs sent demand letters to defendants South Cooper Apartments LLC and The Spanos Corporation. *See* Decl. of Alex Boon ("Boon Decl."), ECF 85, ¶ 16 & Ex. 16. In these letters, plaintiffs asserted that "[i]t appears that[] [The Spanos Corporation] knowingly used the services of unlicensed labor contractor Portland Drywall" and cited the relevant OCRA provisions. *Id.* at Ex. 16 at 1-2[5] (February letter); *see id.* at Ex. 16 at 4 (March letter, making substantially the same statement). The letters also asked for copies of any contracts that The

---

[5] All citations to exhibits of declarations in this Order refer to the exhibits' internal pagination.

Spanos Corporation had with Portland Drywall and "any information indicating that Portland Drywall was not an unlicensed labor contractor . . . or that [The Spanos Corporation and South Cooper Apartments LLC] did not knowingly use its services." *Id.* at Ex. 16 at 1-2, 5. The F&R concludes that the "tone and content" of these demand letters shows that plaintiffs had sufficient evidentiary basis to assert OCRA claims at the time they filed their complaint in 2022. F&R 7. The Court agrees. The letters show that plaintiffs believed that there was a factual basis for OCRA claims. Although the knowledge required to pursue a claim in a demand letter may be less than what is necessary to allege such a claim in a complaint, these letters are evidence that plaintiffs knew, or at least suspected, that Portland Drywall was a construction labor contractor under OCRA. *See Kamal*, 88 F.4th at 1278 (affirming denial of a motion to amend where "it had been clear from the outset of the case that [the theory underlying the proposed amendments] would be a key issue" but plaintiffs waited approximately five months to seek amendment).

Second, even if these letters are not, alone, sufficient evidence of delay, the question is settled by the May 29, 2024 deposition testimony given by Jeff Morgan, The Spanos Corporation's division manager. *See* Decl. of Leah Lively, ECF 96, ¶ 3 & Ex. 1. Plaintiffs' counsel specifically asked Morgan about the respective roles of The Spanos Corporation and South Cooper Apartments, LLC in developing the property:

> Q. Okay. Can you describe, generally, Spanos' role in the construction of the apartment– of the Arazo Apartment buildings?
> A. Again, we would be -- our role would have been taking the project, analyzing the project, the potential for development, constructing the project, and finaling the project, meaning final CFOs, and bringing the project to a completion. That would have been our role.
> Q. And then is it your understanding that the Spanos Corporation purchased the land where the apartments stand today?
> A. Yes.
> Q. The Spanos Corporation or some other LLC?
> A. I don't have the specifics as to when the LLC was formed, so I honestly couldn't answer that.
> Q. Which LLC are you referring to?
> A. The South Cooper Apartments, LLC.
> Q. Okay. Does South Cooper Apartments, LLC own the land today?
> A. No.
> . . .
> Q. And then who owned the land while it was under construction?
> A. South Cooper Apartments, LLC.

*Id.* at Ex. 1 at 4:17-5:20.

The F&R concludes from this testimony that "Morgan clearly identified the relationship between Spanos Corporation and South Cooper Apartments, LLC." F&R 7. Plaintiffs' objection that Morgan's 2024 testimony is "vague and contradictory" such that it did not provide sufficient factual basis to assert a claim under OCRA is unpersuasive. *See Jackson v. Bank of Haw.*, 902 F.2d 1385, 1388 (9th Cir. 1990) (rejecting, under Rule 15's more lenient standard, the argument that relevant facts known to the plaintiffs "were not 'fully flushed out'" until subsequent discovery). Morgan testified that either The Spanos Corporation or South Cooper Apartments, LLC purchased the property, but that South Cooper Apartments, LLC owned the property when the project was under construction by Portland Drywall. Combined with the construction contract already in plaintiffs' possession, this is sufficient evidence that South Cooper Apartments, LLC was the owner of the property while The Spanos Corporation was the general contractor employing Portland Drywall. *See also* Boon Decl. Ex. 3 at 6 (construction contract which describes The Spanos Corporation as "GENERAL CONTRACTOR," Portland Drywall as "SUBCONTRACTOR," and South Cooper Apartments, LLC as "OWNER"; and which is signed by (1) Morgan as Division Manager of The Spanos Corporation and Authorized Representative and Division Manager of South Cooper Apartments, and (2) the Vice President of Operations of Portland Drywall). And, to the extent that the testimony was not sufficient evidence for plaintiffs to feel comfortable asserting OCRA claims, diligence would require asking follow-up questions in the deposition.

For all of these reasons, the Court concludes that plaintiffs had sufficient knowledge of the underlying facts to assert an OCRA claim no later than May 29, 2024 and have failed to show good cause for waiting until March 31, 2025 to file their motion to amend the complaint. *See Kamal*, 88 F.4th at 1278 (affirming denial of a motion to amend where the plaintiffs "failed to account for the five months that elapsed between" key discovery and the filing of the motion (alteration and quotation marks omitted)); *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) ("We have held that an eight month delay between the time of obtaining a relevant fact and seeking a leave to amend is unreasonable.").

6

**B.      Prejudice**

The Court need not reach plaintiffs' objection to or substantive arguments regarding the F&R's prejudice finding because, critically, "[i]f [plaintiff] was not diligent" in seeking to amend the complaint, "the inquiry should end." *Johnson*, 975 F.2d at 609.  Such is the case here.  Nonetheless, the Court has reviewed the F&R de novo in its entirety and agrees with it in full.  If new claims were to be added almost three years into litigation, defendants would be entitled to additional discovery and prejudiced by the need to scramble to address new theories of relief late in the litigation.  *See AmerisourceBergen Corp*., 465 F.3d at 953 ("Even though eight months of discovery remained, requiring the parties to scramble and attempt to [evaluate new theories] would have unfairly imposed potentially high, additional litigation costs on [the defendant] that could have easily been avoided had [the plaintiff] pursued its [proposed] theory in its original complaint or reply.").  The F&R did not err in its conclusions on the issue of prejudice.

**CONCLUSION**

For the reasons stated herein, and upon a de novo review of the objected-to portions of the F&R, the Court ADOPTS Judge Russo's Findings and Recommendation, ECF 108.  Plaintiffs' motion for leave to amend the complaint, ECF 84, is DENIED.

IT IS SO ORDERED.

DATED this 31st day of March, 2026.

Adrienne Nelson
United States District Judge